STOULIG, Judge.
Plaintiff,[1] Wade J. Vick, has appealed a summary judgment dismissing the Parish of Jefferson as a defendant in a tort suit filed on behalf of his minor children for the loss of love and affection of their deceased mother.
On February 16, 1973, the original petition was filed in which it was alleged Benny Verdum (Verdun), an ambulance driver employed by the Parish of Jefferson, caused the death of the minors’ mother by refusing to treat or transport her to a hospital after she took an overdose of sleeping pills. Named defendants were the Parish of Jefferson; the Jefferson Parish Sheriff’s Department; Dr. Charles Odom, the Parish coroner; Verdun and the A.B.C. Insurance Company.
On March 8, 1973, plaintiff filed an amended petition in which he averred Verdun was employed by the coroner’s office. That same day, plaintiff filed a motion to dismiss the Jefferson Parish Sheriff’s Department and the Parish of Jefferson as parties defendant. After stating both were improperly joined, plaintiff recited in the body of the motion:
“ * * * If it appears at a future date that said defendant, Jefferson Parish Sheriff’s department, and the Parish of Jefferson were involved negligently in any manner in this matter, plaintiffs will respectfully urge the court to rejoin them as * * * [defendants].”
The trial judge signed the requested order on March 12, 1973, dismissing the petition as to the Jefferson Parish Sheriff’s Office and the Parish of Jefferson. We note that the order of dismissal does not indicate whether the dismissal is with or without prejudice.
On September 27, 1973, the Parish of Jefferson moved for summary judgment contending in essence it had no agency relationship with the coroner’s office and would not be liable for any negligent acts attributable to an employee of that office. On November 7, 1973, the summary judgment was granted from which plaintiff has appealed.
We feel the granting of the summary judgment is improper. After the Parish of Jefferson was dismissed as a party defendant on plaintiff’s own motion, the trial court lost jurisdiction over the ap-pellees which it could only have regained had plaintiff filed a new suit against the Parish.
We assume from the suggestion in the ex parte motion to dismiss plaintiff intended to dismiss his action without prejudice. LSA-C.C.P. art. 1671 gives a plaintiff the right to dismiss a suit without prejudice and LSA-C.C.P. art. 1673 describes the effect of such a judgment:
“ * * * A judgment of dismissal without prejudice shall not constitute a bar to another suit on the same cause of action.” (Emphasis added.)
The reservation to rejoin incorporated in the motion to dismiss has no legal effect and cannot supercede the procedural requirement that another suit be brought. The filing of another suit is an indispensable prerequisite for any further proceeding involving the Parish arising out of the same cause of action. Since this mandatory requirement was not met, the trial court could not, under the then-existing posture of the case, entertain any further action in this suit by or against the Parish, including appellee’s motion for a summary judgment. *798 The summary judgment is therefore a nullity.
For the reasons assigned the judgment appealed from is annulled. Appellant is to pay the cost of this appeal.
Judgment annulled.

. In the various pleadings, the terms “plaintiff” and “plaintiffs” are used interchangeably. For the sake of uniformity we use the singular “plaintiff.”